IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

**JOSHUA WADE CONGER,**

    Plaintiff,

v.

**SCOTT VAN SCHOTEN; ROBERT HAMPTON;** and **BOAVIDA COMMUNITIES,**

    Defendants.

Civ. No. 6:22-cv-01882-AA

**OPINION AND ORDER**

---

AIKEN, District Judge:

    Plaintiff Joshua Conger seeks leave to proceed *in forma pauperis* ("IFP") in this action. ECF No. 2. Plaintiff alleges that he is a former tenant at one of Defendants' residential properties and asserts that Defendants failed to comply with Oregon's landlord-tenant laws. For the reasons set forth below, Plaintiff's Complaint, ECF No. 1, DISMISSED with leave to amend. Plaintiff's Motion for the Appointment of Pro Bono Counsel, ECF No. 3, is DENIED with leave to refile. Plaintiff's Motion for Judgment, ECF No. 10, is DENIED with leave to refile. Plaintiff's Motion to File Excess Pages and Declaration of Facts, ECF No. 12 is DENIED. The Court DEFERS ruling on Plaintiff's motion to proceed IFP, ECF No. 2, until Plaintiff files an amended Complaint.

Page 1 – OPINION AND ORDER

## BACKGROUND

Plaintiff brings what appears to be state law claims against Defendants based in landlord-tenant law. Plaintiff's Complaint alleges that he lived in mobile home park that was sold in October 2021 and that Defendants did not tell "any tenant that it was even for sale." Compl. at 6. Plaintiff alleges that Defendant Robert Hampton ("Hampton") asked to meet Plaintiff on December 7, 2021. At the meeting, Hampton informed Plaintiff that Plaintiff was behind on rent for November and December 2021, and that he had failed to pay rent for November and August 2020. *Id*. Plaintiff asserts that he paid an amount of rent that covered August through October 2020, and that he was short by $99.00 for November 2020. *Id*. at 6-7. Plaintiff also maintains that he received rental assistance from state-run organizations that should have covered his rental payments. *Id*. at 8-10.

Plaintiff's allegations are difficult to understand, and the nature of his claims appears to change with each filing. However, it appears that Plaintiff's principal contention is that he disagrees with Defendants about whether he made appropriate rental payments and whether Defendant's properly evicted Plaintiff under Oregon law. *Id*. at 7-9. Plaintiff states that the Court has "federal question" jurisdiction, but the Court cannot perceive any federal claim. There is also not complete diversity to satisfy diversity jurisdiction, where both Plaintiff and the lead Defendant reside in Oregon.

As to Plaintiff's claims that he was wrongfully evicted, Plaintiff filed as exhibits to his Complaint several past-due notices from Defendants, including a

notice to Plaintiff dated October 11, 2022, that Plaintiff had failed to pay rent for April, May, June, July, August, September, and October 2022. *Id*. at 84. Plaintiff's exhibits also show several other notices based on Plaintiff's failure to pay rent, including notice of eviction proceedings. *Id*. at 74, 76, 80, 84, 107. Plaintiff also attached emails between himself and Defendants, where Plaintiff stated that he disagreed that he owed rent, because rental assistance programs had paid Plaintiff's rent in 2020 and 2021. *Id*. at 142-145. Defendants replied that even if that was the case, Plaintiff still owed rent for 2022. *Id*. Additionally, Plaintiff contends that Defendants towed Plaintiff's truck which Plaintiff had left on the property for a time after he left.

Plaintiff alleges that he has an ongoing case against Defendants in state court concerning the same claims he brings here. Compl. at 9; *see also* ECF No. 9 at 94-95 (Lane County Circuit Court residential eviction complaint filed by Defendants on November 28, 2022); *Id*. at 100-101 (Lane County filings); *Id*. at 120 (Lane County notice of scheduled court appearance); *Id*. at 131- (Plaintiff's answer to eviction filed in Lane County).

## LEGAL STANDARD

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make

two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

With respect to the second determination, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id.*

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

### I.   Jurisdiction

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A court may have subject matter jurisdiction either because it has diversity jurisdiction, pursuant to 28 U.S.C. § 1332, or federal question jurisdiction, pursuant to 28 U.S.C. § 1331. "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Here, Plaintiff's Complaint alleges that Defendants improperly evicted him from his mobile home. Elsewhere, Plaintiff states that Defendants committed "many torts" against him, including intent to cause stress, harm, and fear. The Court understands Plaintiff's allegations, but finds that Plaintiff's claims are state law claims, not federal claims, meaning federal question jurisdiction does not exist.

Complete diversity also does not exist since Defendant Hampton lives in Oregon. The complete diversity requirement is met when "the citizenship of *each* plaintiff is diverse from the citizenship of *each* defendant." *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (emphasis added).

Plaintiff must demonstrate that the Court has jurisdiction over his claims. He can do so by clearly explaining in his Complaint which federal law Defendants have violated. If he cannot show that Defendants have violated a federal law, the Court does not have federal question jurisdiction. Plaintiff can also demonstrate that the Court has jurisdiction by showing that he resides in a state that is a different state from every Defendant. That means, for individuals like Hampton, Plaintiff must show that Hampton resides in a state that is not Oregon. Plaintiff must also allege for any corporation its state of incorporation and its principal place of business. 28 U.S.C. § 1332(c)(1).

## II.  Failure to State a Claim

In addition to Plaintiff's failure to demonstrate that the Court has jurisdiction over his claims, Plaintiff's Complaint fails to state a claim upon which relief can be granted. When amending his Complaint, Plaintiff must state (1) which law each Defendant violated; (2) allege facts to support how each Defendant violated Plaintiff's rights; and (3) allege how Plaintiff was harmed directly by each Defendants' violation of Plaintiff's legal rights. At this time, Plaintiff's Complaint and exhibits show that Plaintiff failed to pay rent for certain months, and that Defendants notified Plaintiff of his failure to pay rent, and that Defendants were within their right to file an

eviction complaint in state court. Plaintiff has not demonstrated that Defendants broke any law.

## III. Ongoing State Court Proceedings

Plaintiff is advised that, in some circumstances, federal courts do not interfere with ongoing state-court proceedings. The Court understands from Plaintiff's pleadings that Plaintiff and Defendants are involved in litigation in Lane County Circuit Court in Oregon.

The existence of a pending state court proceeding presents the question whether the federal court should abstain (abstain means to refrain or not hear the case) under *Younger v. Harris*, 401 U.S. 37 (1971). In *Younger*, the Supreme Court stated strong federal policy against federal-court interference with pending state judicial proceedings. *See H.C. v. Koppel*, 203 F.3d 610, 613 (9th Cir.2000). The *Younger* principle applies to civil proceedings (that means a case that does not involve a crime) in which important state interests are involved. *Ohio Civil Rights Comm'n v. Dayton Christian Schs., Inc.*, 477 U.S. 619, 627 (1986). Abstention is required if the state proceedings are (1) ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims. When the case is one in which the *Younger* doctrine applies, the case must be dismissed. *Koppel*, 203 F.3d at 613 (citations omitted). As a threshold condition to the above three requirements, "*Younger* applies only when the relief the plaintiff seeks in federal court would 'interfere' with the ongoing state judicial proceeding." *Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 799 (9th Cir. 2001).

Here, the Lane County proceedings are (1) ongoing, (2) appear at first glance to implicate important state interests, and (3) provide Plaintiff an adequate opportunity to litigate any federal claims he may have that are related to the eviction. But such is not clear from Plaintiff's allegations. Plaintiff must show that he has federal claims which he cannot litigate in Lane County Court in his ongoing landlord-tenant or small claims disputes.

## CONCLUSION

For the reasons explained, Plaintiff's Complaint, ECF No. 1, is DISMISSED with leave to amend. Plaintiff shall have 30 days from the date of this Order to submit an amended Complaint or the case will be dismissed with prejudice. Plaintiff's Motion for Appointment of Counsel, ECF No. 3, is DENIED with leave to refile. Plaintiff has shown ample ability to represent his interests in this case, but if that changes, he may later renew his request. Plaintiff's Motion for Judgment, ECF No. 10 is DENIED with leave to refile for failure to comply with Federal Rule of Civil Procedure 55. Plaintiff's Motion to File Excess Pages and Declaration of Facts, ECF No. 12, is DENIED. Plaintiff may allege additional facts when amending his Complaint.

IT IS SO ORDERED.

Dated this 25th day of April 2023.

_____/s/Ann Aiken_____

Ann Aiken
United States District Judge

Page 8 – OPINION AND ORDER